594 A.2d 842

**Nathan I. RAIKEN, Co–Executor of the Estate of Martin C. Mellon, Deceased and Nancy Erhardt, Co–Executor of the Estate of Martin C. Mellon, Deceased, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided June 28, 1991.

Nathan I. Raiken, for appellants.

Robin A. Gower, for appellee.

Before CRAIG, President Judge, BYER, JJ. and CRUMLISH, Jr., Senior Judge.

CRUMLISH, Jr., Senior Judge.

Nathan Raiken and Nancy Erhardt, co-executors of the estate of Martin C. Mellon (Raiken), appeal a common pleas court order which upheld a Commonwealth Department of Revenue (Department) decision and disallowed a deduction

from the inheritance and estate tax. We affirm the common pleas court's order.

In 1982, Martin Mellon and Jane Heller entered into a prenuptial agreement (agreement) "to retain their respective properties for the benefit of their respective children" from previous marriages. Under this agreement, Mellon and Heller each relinquished the interests in the other's estate to which he or she might be entitled. The agreement provided that each person would prepare a will directing that, after payment of debts, taxes and administrative expenses, "one-half (½) of the remaining balance shall be put in a Trust which will provide that [the surviving spouse] will receive the net income during [his or her] lifetime."

When Mellon died, Heller's life interest in one-half of Mellon's estate was valued at $256,800.22. Mellon's estate claimed this amount as a deduction for a debt of the estate. This deduction was disallowed by the Department's tax examiner and the disallowance was in turn upheld by the Department. Raiken appealed the Department's decision to the common pleas court.

The court held that Mellon's estate could not claim this amount as an allowable deduction under the Inheritance and Estate Tax Act.[1] This appeal followed.

The sole issue before this Court is whether Heller's life interest in Mellon's estate is a deductible debt of that estate. We agree with the common pleas court that it is not.

■ Section 1729 of the Inheritance and Estate Tax Act states the general rule of deductibility:

§ 1729. Liabilities

(a) General rule.—All liabilities of the decedent shall be deductible subject to the limitations set forth in this section.

(b) Debt based upon contract or agreement.—Except as otherwise provided in [subsections of the act not pertinent to this case], the deductions for indebtedness of

1. 72 Pa.C.S. §§ 1701–1796.

the decedent, when founded upon a promise or agreement, shall be limited to the extent that it was contracted bona fide and for an adequate and full consideration in money or money's worth.

Section 1730 enumerates liabilities which are *not* deductible:

### § 1730.   Deductions not allowed

The following are not deductible:

.    .    .    .    .

(2) Claims of a former or surviving spouse, or others, under an agreement between the former or surviving spouse and the decedent, insofar as they arise in consideration of a relinquishment or promised relinquishment of marital or support rights.

It is conceded that Heller's claim of a life interest is a liability "founded upon a promise or agreement," contracted in good faith.   However, Raiken contends that the common pleas court ignored Section 1729's language allowing deductions for indebtedness founded on a contract to the extent the agreement was made for adequate consideration "in money or money's worth."   He also assigns error to the court's interpretation of Section 1730's language limiting the deduction for debts only "insofar as they arise in consideration of" the relinquishment of marital rights.

Raiken argues that, in addition to Heller's relinquishment of marital rights, Heller's promise to Mellon of a life interest in her estate upon his survival is consideration in money's worth.   That is, there was consideration *other than* the relinquishment of marital rights sufficient to transform Heller's life interest into a deductible debt. Thus, the argument goes, Heller's claim to Mellon's estate arose in consideration of her promise not only (1) to relinquish marital rights, but also (2) to give Mellon a life interest in one half-her estate upon his survival.   Insofar as Mellon's obligation arose in consideration of the latter promise, it is a deductible debt of his estate.

Significantly, the agreement provided:

each of the parties thereto hereby *releases and relinquishes any and all rights,* titles, interests or claims in or against the other ... *in the nature of* curtesy or dower, or of *widow's or widower's rights, and all rights, titles, interests and claims to take against the other's will and/or under Intestate Laws, or a family exemption,* or similar allowance, *or all other rights of a surviving spouse* to participate in a deceased spouse's estate.... (agreement, paragraph six) (emphasis added).

The agreement, by its express terms, requires each party to relinquish his or her rights as a surviving spouse, the relinquishment of which has been held not to be consideration in money's worth under the Commonwealth's earlier Transfer Inheritance Tax Act.[2] *In re Hitchcock's Estate,* 385 Pa. 569, 124 A.2d 360 (1956). In any event, to the extent that the claim on Mellon's estate—i.e., Heller's life interest in one-half of it—arose in consideration of her relinquishment of her marital rights as a surviving spouse, it is not deductible under the plain language of Section 1730.

■ To the extent the indebtedness was founded upon the promise to establish a life interest for the benefit of Mellon if he were to survive Heller, we also conclude that the claim does not meet Section 1729's requirement that it be contracted for "full consideration in money or money's worth."

Although he offers no supporting authority, Raiken proposes that Mellon "did receive adequate and full consideration in moneys (sic) worth, because if his wife had predeceased him he would have a life interest in income from the trust for his benefit...." (Appellant's brief, pp. 20–21.) We cannot agree.

First, the interest is contingent upon a number of conditions, including those set forth in paragraph eight of the agreement, as well as other contingencies not expressed,

---

**2.** Section 2 of the Pennsylvania Transfer Inheritance Tax Act, Act of June 20, 1919, P.L. 521, *as amended,* repealed by Act of June 15, 1961, P.L. 373, formerly 72 P.S. § 2302.

such as Mellon's survival of Heller and the intervening exhaustion of estate assets. When the agreement was executed, Heller parted with nothing other than her rights as a surviving spouse and was required to part with nothing during her lifetime. Nor does Raiken offer us any formula for valuing the promise of a life interest in the deceased spouse's estate *separate and apart* from the promise to relinquish marital rights, so as to establish the extent to which the debt was contracted for that consideration.

For these reasons, we agree with the Commonwealth that the interest is incapable of valuation and could not have, at the time of the pre-nuptial agreement, constituted "full consideration in money's worth," so as to induce that agreement.

Finally, if we were to give judicial sanction to Raiken's proposition, married couples could easily avoid the General Assembly's judgment, embodied in Section 1730, that the relinquishment of inchoate survivor rights does not give rise to a deductible debt. As was said in *Hitchcock*, the tax in question here could be successfully avoided by the simple expedient of a contract to make wills disposing of respective property according to each spouse's wish, so long as the contract required the relinquishment of all rights as survivors. This would effectively transmute taxable property into non-taxable property, by changing what would otherwise be a testamentary gift into a deductible debt.

Accordingly, we affirm the common pleas court's order.

## ORDER

AND NOW, this 28th day of June, 1991, the order of the Montgomery County Court of Common Pleas, Orphans' Court Division, at No. 86–458, dated November 3, 1989, is hereby affirmed.